## THE MARY N. HOGAN.[1]

### HOOPER v. THE MARY N. HOGAN.

*(District Court, E. D. New York. March 28, 1887.)*

TOWAGE—PROPER CHANNEL—UNKNOWN ROCK—INJURY TO TOW.
  The evidence indicating that the tug, when towing libelant's boat, was proceeding in a proper channel, and that the cause of the accident was the presence of a rock up to that time unknown, upon which libelant's boat struck, *held,* that the tug was not liable for the damage.

In Admiralty.
*Goodrich, Deady & Goodrich,* for libelant.
*Carpenter & Mosher,* for claimant.

BENEDICT, J. The decision of this case turns upon the question of fact whether the libelant's vessel, while being towed by the tug-boat Mary N. Hogan, was towed upon a rock located in the middle ground between Randall's island and Lawrence point, or on a rock in the channel between Lawrence point and the middle ground, in which channel, as all agree, there has been found since this accident a dangerous rock hitherto unknown. If the tug-boat took the libelant's boat from the east to the west channel, so close to the buoy that the libelant's boat struck a rock on the middle ground, the liability of the tug would be clear, for such a course would be improper and dangerous. But if the libelant's boat, being safely in the East channel, and while proceeding up the channel in the usual course, struck on a rock in the channel, then the tug is not liable; as all concede that the East channel was a proper channel, and the existence in it of any rock was unknown prior to this accident. Upon this question of fact my opinion is with the claimant. I entertain no doubt, upon the evidence, that the tug was at the time of the accident in the East channel, and not crossing the middle ground, and that the cause of the sinking of the libelant's boat was the presence in the channel of a rock up to that time wholly unknown to any one, and not any negligence on the part of the tug.

The libel must be dismissed, and with costs.