## THE PIERREPONT.

### (District Court, N. D. New York. June 19, 1890.)

TOWAGE—LIABILITY OF TUG FOR NEGLIGENCE.

Libelants sued for damages for injuries to a schooner insured by them, while being towed by a steamer in the St. Lawrence river. The evidence showed that the schooner was drawing 13 feet of water, and when at a point which, according to ranges taken by the steamer's captain at the time of the accident, was within the regular channel of the river, struck a rock 11 feet below the surface of the water. The government chart showed 25 feet of water at this place, and the obstruction was not known to pilots. Some of libelants' witnesses knew of it, but their knowledge was gained as fishermen, and not as pilots. *Held*, that libelants could not recover, since the accident occurred in the regular channel, where no obstruction was known to exist by those engaged in the navigation of the river.

In Admiralty.

These libels were filed by the Union Insurance Company and the Marine Insurance Company against the steamer Pierrepont, to recover dam-

ages for injuries received by the schooner Ellsworth while being towed by the steamer. The libelants, having policies of insurance upon the schooner, paid the amount of damages to her owners, and were subrogated to their rights.

*Benjamin H. Williams*, for libelants.

*Harvey D. Goulder*, for claimant.

COXE, J. On June 16, 1888, the schooner Ellsworth, loaded with stone and drawing about 13 feet of water, was taken in tow by the Pierrepont at the quarry dock, Grindstone island, St. Lawrence river, bound for Chicago. While passing through what is known as the "Middle Channel" between Grindstone island and Seven Pine island, the schooner struck a sharp pinnacle rock, and was injured. This rock was 450 feet from Seven Pine island, the point which occasioned the injury being about 11 feet from the surface of the water. If the accident occurred in the regular channel, where no obstruction was known to exist by those engaged in the navigation of the river, the libelants cannot recover; if it occurred outside the regular channel, the steamer was at fault.

The weight of testimony clearly establishes that the rock in question was unknown to pilots whose business it was to navigate the St. Lawrence river. The government chart shows 25 feet of water at this point, and there is hardly a dispute that prior to the accident the regular channel was supposed to extend much nearer than this to Seven Pine island. Within 200 feet of the island there is a shoal, and there is reason to believe that some of the libelants' witnesses mistook this shoal for the venue of the accident. If the captain of the Pierrepont, who took ranges at the time the schooner struck, is correct in locating her position at 450 feet from Seven Pines, the proof is overwhelming that she was in the regular channel when the accident happened. But, even though some of the libelants' witnesses did have knowledge of the rock which occasioned the injury, it was a knowledge gained rather as fishermen than as pilots. If known at all, the knowledge was confined to two or three, and was not imparted by them to river pilots generally. It is well settled that a steamer is not negligent when the tow strikes an unknown obstruction in a regular channel. *The Angelina Corning*, 1 Ben. 109; *The Mary N. Hogan*, 30 Fed. 927, reversed on the facts, 35 Fed. Rep. 554; *The James A. Garfield*, 21 Fed. Rep. 474; *The Willie*, 2 Fed. Rep. 95. The Pierrepont was neither insurer nor common carrier. She was bound to exercise ordinary care, skill, and prudence, and was liable only if she failed in these respects. The burden is upon the libelants to establish negligence, and they have not done so. The accident might have happened to any one of the river men produced at the trial, and should a similar accident happen in the future, still further south of Seven Pines, it would occasion no more surprise. The libels are dismissed, with costs.